UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL BEELER, #219411,

                Petitioner,

                                  CASE NO. 2:15-CV-14073
v.                                  HON. GEORGE CARAM STEEH

SHERMAN CAMPBELL,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

Michigan prisoner Michael Beeler ("petitioner") has filed a pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is

being held in violation of his constitutional rights.  The petitioner pleaded no

contest to armed robbery, MICH. COMP. LAWS § 750.529, and impersonating a

peace officer, MICH. COMP. LAWS § 750.215(3), in the Oakland County Circuit

Court and was sentenced, as a fourth habitual offender, MICH. COMP. LAWS

§ 769.12, to concurrent terms of 15 to 50 years imprisonment and 4 to 15 years

imprisonment in 2014.  In his pleadings, he raises claims concerning the

voluntariness of his plea and the effectiveness of trial counsel, and the trial court's plea colloquy. For the reasons stated, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from his armed robbery of a man while pretending to be a police officer in Oakland County, Michigan on February 10, 2014. The petitioner approached the victim who was sitting in his parked truck on the street in front of his girlfriend's house. The petitioner told the victim that he was a police officer, questioned the victim about someone he claimed to be looking for, made the victim exit his car while armed with a gun, searched the victim, and took the victim's wallet, money, and cell phone before driving away in a van. The victim contacted the police. See 3/6/14 Prelim. Exam Tr., pp. 6-14. The police traced the victim's cell phone to a bar, where they arrested the petitioner. The police found the victim's cell phone and a small amount of money in the petitioner's van. See Pet. App. Brf., p. 4.

On August 11, 2014, the petitioner pleaded no contest to armed robbery and impersonating a peace officer in exchange for an amendment to the habitual information with a sentencing agreement for a minimum sentence of

15 years imprisonment instead of the required 25-year minimum sentence. See 8/11/14 Plea Hrg. Tr., pp. 3-11. On September 3, 2014, the trial court sentenced him, as a fourth habitual offender, to concurrent terms of 15 to 50 years imprisonment and 4 to 15 years imprisonment in accordance with that agreement. See 9/3/14 Sent. Hrg. Tr., p. 8.

The petitioner subsequently moved to withdraw his plea asserting that he was innocent, that the incident was a drug transaction, and that his attorney failed to investigate his case and coerced him into taking a plea. He also asserted that the trial court did not obtain a reason for the no contest plea and failed to advise him of the maximum sentences for each of the offenses. The trial court conduct a hearing and denied the motion. See 3/18/15 Motion Hrg.; People v. Beeler, No. 14-249469-FC (Oakland Co. Cir. Ct. March 18, 2015). The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit in the grounds presented. People v. Beeler, No. 326736 (Mich. Ct. App. May 19, 2015). The petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Beeler, 498 Mich. 887, 869 N.W.2d 607 (2015).

The petitioner thereafter filed his federal habeas petition. He raises the

following claims:

    I.     Plea was rendered involuntary and unknowing due to ineffective assistance of counsel.

    II.    Trial court failed to advise him of maximum sentence for each offense.

The respondent has filed an answer to the petition contending that it should be denied for lack of merit. The petitioner filed a reply to that answer asserting that he is entitled to relief on his claims.

## III.  Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id; see also White v. Woodall, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the

"realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit

precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.  Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.  Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).  Lastly, habeas review is "limited to the record that was before the state court."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

In this case, the state trial court denied the petitioner's plea withdrawal motion.  The court found that it had advised the petitioner of the maximum sentence he faced - life imprisonment - which was for the armed robbery offense and that any error in failing to advise him of the maximum penalty for the impersonating a peace officer offense was harmless due to the concurrent nature of the sentences.  The court also determined that the reason for the no

contest plea was the potential for civil liability. Lastly, the court ruled that there was no basis in the record for the petitioner's ineffective assistance of counsel claim. See 3/18/15 Motion Hrg. Tr., pp. 8-10. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. For the reasons that follow, the Court concludes that the state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV.    Analysis

### A.    Involuntary Plea/Ineffective Assistance of Counsel Claims

The petitioner first asserts that he is entitled to habeas relief because his plea was not knowing, intelligent, and voluntary due to the ineffective assistance of counsel. As part of this claim, he asserts that counsel failed to investigate his case, that he is innocent because the incident was a drug transaction, and that counsel coerced him into accepting the plea bargain. The respondent contends that these claims lack merit.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and

---

[1]The Court would reach the same result under a de novo standard of review.

voluntarily.  <u>See generally</u> <u>United States v. Broce</u>, 488 U.S. 563 (1989); <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969).  A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  <u>Brady v. United States</u>, 397 U.S. 742, 756 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  <u>Id</u>. at 748.  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  <u>Id</u>. at 755.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  <u>Id</u>. at 749.

In this case, the state court record reveals that the petitioner's plea was knowing, intelligent, and voluntary.  The petitioner was 49 years old at the time of his plea and could read and write.  As a repeat offender, he was familiar with the criminal justice system.  There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea.  The petitioner was represented by legal counsel and conferred with counsel during the plea process.  The trial court advised the petitioner of his trial rights and the fact that

he would be giving up those rights by pleading no contest. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. The parties stipulated to the preliminary examination transcript as the factual basis for the plea. The petitioner indicated he understood the plea agreement, that he wanted to take the plea, that he had not been threatened or promised anything other than what was included in the plea agreement, and that he was pleading no contest of his own free will. He is bound by those statements. See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999). There is no evidence of coercion. The fact that the petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. See Brady, 397 U.S. at 757.

The petitioner asserts that his plea is invalid because he is actually innocent as the incident was really a drug transaction and because trial counsel failed to investigate defenses and gather witnesses. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. See Fautenberry v. Mitchell, 515 F.3d 614,

636 (6th Cir. 2008) (citing <u>Boykin</u>, 395 U.S. at 243).  A defendant who pleads guilty or no contest waives all pre-plea issues, <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973), including any claim that he had a defense to the charges against him.  <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992); <u>Siegel v. New York</u>, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing <u>Tollett </u>and <u>McMann v. Richardson</u>, 397 U.S. 759 (1970)).  A defendant "is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."  <u>Brady</u>, 397 U.S. at 757.  The petitioner waived his right to present a defense to the charges by pleading no contest.  <u>See</u> <u>Broce</u>, 488 U.S. at 569; <u>Tollett</u>, 411 U.S. at 267; <u>United States v. Ormsby</u>, 252 F.3d 844, 848 (6th Cir. 2001).

The petitioner also fails to show that trial counsel was ineffective in advising him about his case.  The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 57-58 (1985) (quoting <u>Strickland v. Washington</u>, 466

U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial."  Id.  The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'"  Id. at 59-60 (quoting Strickland, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards

created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. See Premo v. Moore, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); Bray v. Andrews, 640 F.3d 731, 738 (6th Cir. 2011) (citing Premo).

To the extent that the petitioner asserts that trial counsel was ineffective for failing to investigate defenses or take other action during the pre-plea period, he is not entitled to relief. As discussed, it is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. Broce, 488 U.S. at 569; Tollett, 411 U.S. at 267. The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

-14-

> independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. Broce, 488 U.S. at 569. Accordingly, the petitioner's claim that counsel was ineffective for failing to take certain actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

The petitioner also asserts that trial counsel was ineffective for advising him to plead no contest rather than preparing a defense to the charges. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. Strickland, 466 U.S. at 690-91; Lundgren v. Mitchell, 440 F.3d 754, 771 (6th Cir. 2006); O'Hara v. Wiggington, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). The petitioner, however, fails to establish that counsel did not investigate his

case or was deficient in advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against the petitioner, the evidence presented at pre-trial hearings, the uncertainties associated with trial, and the lack of a solid defense. Trial counsel was also able to secure a 10-year reduction in the petitioner's minimum sentence and avoid a potential life sentence.

Although the petitioner believes that he could have defended against the charges, he did not offer any evidence in the state courts, other than his own assertions, to support his claim. It is well-settled that conclusory allegations are insufficient to warrant habeas relief. See Cross v. Stovall, 238 F. App'x 32, 39-40 (6th Cir. 2007); Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); see also Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). On habeas review, the petitioner presents an affidavit from a friend, dated August 15, 2015, which states that the petitioner and the victim were friends and that they had engaged in drug transactions in the past. The affidavit, however, was not presented to the state courts and will not be considered now because federal habeas review under

28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 563 U.S. at 181.

Moreover, while the affidavit, if believed, establishes that the petitioner and the victim knew each other and had engaged in drug deals in the past, it does not concern the day in question nor exonerate the petitioner of the armed robbery. Given the charges against the petitioner and the fact that he was subject to a 25-year minimum sentence with a possible maximum life sentence as a fourth habitual offender, trial counsel acted reasonably in advising the petitioner to plead no contest to the charges and to forego other avenues of defense. The Court is satisfied that trial counsel was effective and that the petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on these claims.

### B. Plea Colloquy Claim

The petitioner next asserts that he is entitled to habeas relief because the state trial court failed to advise him of the maximum sentence for each offense. He claims that this "due process defect" with the plea procedure and rendered his plea "unknowing and without an adequate understanding." The respondent contends that this claim lacks merit.

As an initial matter, the Court finds that the petitioner is not entitled to

relief on any claim that the trial court violated plea-taking procedures under Michigan law. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The petitioner thus fails to state a claim upon which federal habeas relief may be granted as any such issue.

The petitioner also fails to establish that the trial court's plea colloquy rendered his plea unknowing or without a sufficient understanding of the consequences of the plea. First, the record indicates that the trial court informed the petitioner of the maximum penalty that he faced for armed robbery, which was life imprisonment. This was the maximum penalty that he faced with or without the fourth habitual offender sentencing enhancement. See MICH. COMP. LAWS §§ 750.529; 769.12. Second, while the trial court did not specifically inform the petitioner of the maximum penalty for the impersonating a peace officer offense, which was four years imprisonment

without the fourth habitual offender enhancement and 15 years imprisonment with the fourth habitual offender enhancement, the trial court clearly informed him of the overall maximum penalty that he faced by tendering his plea - life imprisonment - and that he was subject to a fourth habitual offender enhancement. Given that the sentences for armed robbery and impersonating a peace officer are concurrent under state law, the petitioner was informed of the overall maximum potential sentence that he faced by tendering his plea. This was sufficient to satisfy due process. The petitioner was not mislead and was sufficiently advised of the consequences of his plea so as to render it knowing, intelligent, and voluntary. See King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994) ("[F]or a defendant's plea . . . to be voluntary, the defendant must be aware of the maximum sentence that could be imposed."); cf. Hart v. Marion Corr. Inst., 927 F.2d 256, 259 (6th Cir. 1991) (plea was not knowing or intelligent where the trial court incorrectly informed the defendant that the maximum sentence was 15 years when it was 75 years).[2] Habeas relief is not warranted on this claim.

---

[2]The Court notes that the trial court's failure to inform the petitioner of the maximum sentence for the impersonating a police officer offense surely did not affect his plea decision given that the 15-year maximum sentence for that offense, with the fourth habitual offender enhancement, equaled the 15-year minimum sentence that he agreed to serve on the armed robbery offense as part of his plea bargain. In this sense, the alleged error was harmless.

## V.    Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on the claims contained in his pleadings. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  The Court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that the petitioner should not be granted

leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  See Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** the petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2017

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 29, 2017, by electronic and/or ordinary mail, and also on
Michael Beeler #219411, Earnest C. Brooks
Correctional Facility, 2500 S. Sheridan Drive,
Muskegon Heights, MI 49444.

s/Barbara Radke
Deputy Clerk